IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 Bankruptcy |
| DAVID A. PUCCI, | ) | Bankruptcy No. 07-28190-BM |
| | ) | |
| Debtor. | ) | Adversary No. 08-02219-BM |
| ———————————————————— | ) | |
| | ) | |
| DAVID A. PUCCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.08-0983 |
| | ) | |
| LIBERTY MUTUAL GROUP, INC., | ) | |
| LIBERTY LIFE ASSURANCE COMPANY OF | ) | |
| BOSTON, and DAWN ZAHN, Individually and | ) | |
| as Recovery Specialist of the Disability Claims | ) | |
| Department of Liberty Mutual, | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge.

**OPINION**

This matter involves the withdrawal of reference where the underlying action is an adversary

action in bankruptcy court filed by the debtor, David Pucci (hereinafter as "Pucci"), against the

defendants, Liberty Mutual Group Inc. (hereinafter as "Liberty Mutual"), Liberty Life Assurance

Company of Boston (hereinafter as "Liberty Life") and Dawn Zahn (collectively as "Liberty

Defendants") claiming a violation of the automatic stay provision of 11 U.S.C. §362.  Liberty

Defendants move to have reference withdrawn and the adversary action heard in the district court

pursuant to the mandatory withdrawal provisions of 28 U.S.C. §157(d).  Since the adversary action

does not implicate any complex issues of non-bankruptcy federal law that would require substantial

and material consideration to resolve the case, the motion to withdraw reference is denied.

### I. BACKGROUND

Pucci filed for Chapter 7 bankruptcy on December 31, 2007.  Prior to that time, Pucci had

been the recipient of employee disability benefits under Columbia Gas of Pennsylvania's Columbia

LTD Policy.  On January 1, 2000, Liberty Life began to provide long term disability insurance to

employees of Columbia Energy, of which Columbia Gas of Pennsylvania is a subsidiary.  Pucci was

a participant in the Columbia LTD Policy because of his employment with Columbia Gas of

Pennsylvania.  The Columbia LTD Policy is an employee benefit plan covered by the Employee

Retirement Income Security Act of 1974 (hereinafter as "ERISA").

The Liberty Defendants allege that under the Columbia LTD Policy  Pucci was only entitled

to receive 70% of his pre-disability compensation and if his disability benefit payments plus "other

income" amounted to more than 70%, then his benefit payments would be reduced by whatever

amount exceeded the 70%.  The Liberty Defendants allege that Social Security Disability benefits

qualify as "other income" under the Columbia LTD Policy, a point which Pucci claims violates the

collective bargaining agreement between Columbia Gas and the Utility Workers Union of America.

This dispute has been the subject of prior litigation between the parties where Pucci claimed that

Columbia Gas, Liberty Life and Liberty Mutual had improperly reduced his benefits by classifying

Social Security disability benefits as "other income."  This prior case ended in dismissal of claims

against Columbia Gas due to Pucci's failure to exhaust grievance procedures prior to filing his

lawsuit in violation of the collective bargaining agreement and the Labor Management Relations Act

(hereinafter as "LMRA").  See Pucci v. Liberty Life Assurance Co., No. 06-0175, 2006 WL 2089961

2

(W.D. Pa. July 21, 2006) (Lancaster, J.).  The remaining claims against Liberty Life and Liberty Mutual were voluntarily dismissed without prejudice thereafter.

After the dismissal of the claims Liberty Life became aware of Pucci's Social Security award. Based upon Pucci's retroactive and monthly Social Security Disability benefits, Liberty Life calculated that they had overpaid Pucci $35,678.80.  On December 12, 2006, Liberty Life advised Pucci that they would apply his net monthly benefit payments toward the overpayment balance until the balance was repaid in full.  On December 31, 2007, when Pucci petitioned for Chapter 7 bankruptcy, he listed the overpayment owed to Liberty Mutual in the amount of $22,041.52 as an unsecured claim against him.

Subsequent to the December 31, 2007 petition, Liberty Mutual continued to apply Pucci's net monthly benefit payments towards the overpayment balance.  Pucci claims that this is a violation of the automatic stay and he seeks to turn over the funds pursuant to §542, to avoid preference pursuant to §547 and for sanctions pursuant to §362(k).  The Liberty Defendants filed their answer that the automatic stay did not apply because this was a recoupment.  Additionally, The Liberty Defendants counterclaimed seeking declaratory judgment that *inter alia* the Social Security Disability benefits are "other income" under the Columbia LTD Policy, that Pucci was overpaid due to the unreported Social Security Disability benefits that Pucci received, and that the Liberty Defendants are not subject to the collective bargaining agreement's provisions.

## II. DISCUSSION

Contemporaneous with the filing of the Answer and Counterclaim the Liberty Defendants moved for the withdrawal of reference pursuant to the mandatory withdrawal provision of 28 U.S.C. §157(d).  The mandatory provision reads:

3

> The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. §157(d) (1987).

Section 157(d) has been construed narrowly by courts so not to provide "an escape hatch through which most bankruptcy matters will be removed to the district court." In re St. Mary Hospital. 115 B.R. 495, 497 (E.D. Pa. 1990)(citing In re White Motor Corp., 42 B.R. 693, 704 (N.D. Ohio 1984)). Mandatory withdrawal will only be appropriate where it is certain "substantial and material" consideration of title 11 or other federal statutes will be "necessary for the *resolution* of a case or proceeding." In re White Motor Corp., 42 B.R. at 703 (emphasis in original). "[W]here only routine application of established legal standards is called for or when it is not clear that application and interpretation of statutes other than the Bankruptcy Code will be necessary to resolve the case," mandatory withdrawal of reference must be denied. In re Quaker City Gear Works, Inc., 128 B.R. 711, 714 (E.D. Pa. 1991). "When the bankruptcy court must engage in a complex search for the appropriate interpretation of a nonbankruptcy federal statute involving an issue of first impression, section 157(d) withdrawal is required." In re St. Mary Hospital, 115 B.R. at 498. Thus, "[t]he party seeking withdrawal of reference bears the burden of demonstrating that a substantial and material consideration of non-bankruptcy law is necessary to resolve the case." United States v. Wood, 161 B.R. 17, 20 (D. N.J. 1993) (citations omitted).

This case centers on the question of whether the recoupment doctrine as an equitable exception to the automatic stay applies to the alleged pre-petition overpayment of benefits. Recoupment is the equitable doctrine that allows certain mutual claims between the parties to

4

extinguish one another in bankruptcy despite the fact they cannot be "setoff" under 11 U.S.C. §553.

Lee v. Schweiker, 739 F.2d 870, 875 (3d Cir. 1984).

The Liberty Defendants claim however that Pucci is attempting to litigate the propriety of

Liberty Life's conduct in applying Pucci's monthly benefits to the overpayment under the Columbia

LTD Policy. The Liberty Defendants claim that in order to resolve these issues, the court will have

to interpret and apply ERISA and LMR, specifically, whether Pucci can challenge the propriety of

Liberty Life applying monthly benefits without following procedures under ERISA, if Liberty Life

can be liable under LMRA when Liberty Life is not a party to the collective bargaining agreement

and if LMRA's statute of limitations applies. Pucci argues that the other issues Liberty Defendants

cite are nothing but distractions from the central issue of whether the Liberty Defendants violated

the stay and whether recoupment applies.

I agree that the Liberty Defendants have not shown that the bankruptcy court will have to

resolve complex issues of first impression involving ERISA and LMRA in order to resolve this case.

Indeed, in deciding whether recoupment applies, the bankruptcy court will have to consider and

interpret the Columbia LTD Policy and determine if the overpayments and reduction in monthly

payments constitute the same transaction. See In re University Medical Center, 973 F.2d 1065, 1079

(3d Cir. 1992). In doing so, the bankruptcy court will necessarily construe the policy to determine

what the transaction at issue is. Bankruptcy courts are not unfamiliar with these issues of

interpreting benefits policies and whether certain actions constitute a single transaction for

recoupment purposes. See e.g. In re Thompson, 182 B.R. 140 (Bankr. E.D. Va. 1995)(determining

that police retirement and disability plan constituted a contract not an entitlement and pre-petition

disability overpayments were not a part of same transaction as retirement benefit payments); In re

Bram, 179 B.R. 824 (Bankr. E.D .Tex. 1995)(pre-petition overpayment of disability benefits and

post-petition benefit payments arise from same transaction).  Clearly, the bankruptcy courts are

equipped to handle such issues as recoupment.  Furthermore, although the Liberty Defendants cite

in passing that ERISA and LMRA will apply, they do not make it clear what issues in those statutes

are undecided, and what the bankruptcy court will have to interpret.  Speculation as to novel issues

cannot be a basis to withdraw reference.  Thus the motion to withdraw reference is denied.


### ORDER

AND NOW, this 12th day of November, 2008, after careful consideration, and for the reasons

set forth in the accompanying Opinion, it is Ordered that Liberty Mutual Group, Inc., Liberty Life

Assurance Company of Boston and Dawn Zahn's Motion to Withdraw the Reference Pursuant to

28 U.S.C. §157(d) (Docket No. 1) is DENIED.


BY THE COURT:

 /s/ Donetta W. Ambrose 
Donetta W. Ambrose
Chief U.S. District Judge


Dated: November 12, 2008.

cc/ecf: All counsel of record.